a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MANUEL MINJARES #43109-380,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-01037<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| USA ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 6) filed by *pro se* Petitioner Manuel Minjares ("Minjares"). Minjares is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Minjares challenges his conviction and sentence.

Because Minjares cannot show that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, his Petition (ECF No. 6) should be DISMISSED for lack of jurisdiction.

I. **Background**

Minjares pleaded guilty to conspiring to conduct the affairs of an enterprise through a pattern of racketeering. *United States v. Minjares*, 14-CR-1742 (W.D. Tex.), ECF No. 766. He was sentenced to 300 months of imprisonment. *Id.*

1

Minjares filed a motion to vacate under 28 U.S.C. § 2255 arguing that the court erred in applying a career-offender sentencing enhancement. *See id.* The motion was denied. *Id.* at ECF No. 789.

Minjares then filed a § 2241 Petition claiming ineffective assistance of counsel, prosecutorial misconduct, unconstitutional sentence, lack of jurisdiction, and a "null and void" plea agreement. *Minjares v. United States*, 20-CV-261, 2020 WL 6492920, (W.D. Tex. Nov. 4, 2020). The court dismissed for lack of jurisdiction. *Id.*

In his current § 2241 Petition, Minjares again challenges the validity of his plea agreement, the jurisdiction of the sentencing court, and the conduct of the prosecutor who allegedly "breached" the "plea negotiations." ECF No. 6 at 6-7.

II. <u>Law and Analysis</u>

A federal prisoner may challenge his sentence under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (*per curiam*) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (*per curiam*)). Claims cognizable under § 2255 include allegations that "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if the prisoner can satisfy the mandates of the "savings clause" of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)).

The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). But, relief under § 2255 is not "inadequate or ineffective" merely because the prisoner has filed a prior unsuccessful § 2255 motion or is unable to meet the requirements for filing a second or successive § 2255 motion. *Tolliver*, 211 F.3d at 878. Rather, the petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

Before a petitioner may pursue relief through § 2241 under the language of the savings clause of § 2255(e), the petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the

3

petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904; *Jeffers*, 253 F.3d at 830).

Because Minjares challenges the legality of his conviction, he must meet the requirements of the savings clause to proceed under § 2241. However, Minjares does not identify any retroactively applicable Supreme Court decision establishing that he was "actually innocent" of the charges against him. *See Reyes–Requena*, 243 F.3d at 904.

### III. Conclusion

Because Minjares cannot meet the requirements of the savings clause, IT IS RECOMMENDED that his § 2241 Petition (ECF No. 6) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Minjares's claim.[1]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

---

[1] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); *Reed v. Young*, 471 F. App'x 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, June 14, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE